# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR RELEASE ON CONDITIONS;** |
| vs. | ) | **DENYING MOTION FOR** |
| | ) | **TRANSPORT ORDER** |
| Heather Young Bird, | ) | |
| | ) | Case No. 4:13-cr-082 |
| Defendant. | ) | |

Defendant is charged in a three-count superseding indictment with possession with intent to distribute methamphetamine, distribution of methamphetamine, and distribution of heroin. Following her initial appearance, she was released on a personal recognizance bond subject to certain release conditions. Her release was later revoked after she violated her release conditions and she was ordered detained pending trial. She is being housed at the Heart of America Correctional and Treatment Center ("HACTC") in Rugby, North Dakota.

On October 17, 2013, defendant filed a "Motion for Transport Order and Release to the New Freedom Center for Assessment and Immediate Treatment upon Staff Recommendation." She requests that the United States Marshal's Service be ordered to transport her to the New Freedom Center in Bismarck, North Dakota so that she can attend a drug addiction assessment on October 29, 2013 at 1:30 p.m. She further requests that if inpatient treatment is recommended, she immediately be released for residential treatment at the New Freedom Center.

On October 18, 2013, the Government filed a response to defendant's motion. The Government does not object to defendant's requests that she be released to attend the drug addiction assessment and that she be permitted to commence inpatient treatment if recommended. The

1

Government does object to defendant's request for transport by the Marshal's Service, but indicates that the parties have agreed that defendant can be transported to the assessment by her mother, Inez Baker. The Government further requests that if inpatient treatment is recommended, defendant be required to comply with additional release conditions, and if inpatient treatment is not recommended, defendant be ordered to return immediately to the HACTC.

The court **GRANTS** defendant's Motion for Release (Docket No. 72), **DENIES** defendant's Motion for Transport Order (Docket No. 74), and **ORDERS** that defendant shall be released to the custody of her mother, Inez Baker, no earlier than 8:30 a.m. on October 29, 2013, for transport directly to the New Freedom Center for her assessment. At the conclusion of the assessment, Inez Baker shall immediately return defendant to the HACTC unless defendant is immediately accepted and enrolled in the New Freedom Center's inpatient residential treatment program. If defendant is accepted into the New Freedom Center's inpatient program, she shall remain at the New Freedom Center and abide by its rules and regulations. In addition, defendant shall comply with the following conditions of release:

1. Defendant must not violate federal, state, tribal, or local law while on release.

2. Defendant must advise the Office of Probation and Pretrial Services and defense counsel in writing before making any change in address or telephone number.

3. Defendant must appear in court as required and must surrender to serve any sentence imposed.

4. Defendant shall report the to Pretrial Services Officer at such times and in such manner as designated by the Officer.

5. Defendant shall immediately inform the Pretrial Services Officer in writing that she has been admitted to the inpatient treatment program at the New Freedom Center.

6. Defendant shall sign any necessary releases of information to the Pretrial Services

Officer so that the Officer may access the results of the assessment and appropriately monitor defendant's progress in treatment.

7. Upon completion of treatment, Defendant shall immediately report to the Pretrial Services Officer.

8. Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

9. Defendant shall not knowingly or intentionally have any direct or indirect contact with Kealoha Aulamea, except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

10. Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court